# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Tel: +1 404 572 4600
Fax: +1 404 572-5100
www.kslaw.com

Jeffrey S. Cashdan
jcashdan@kslaw.com

August 16, 2023

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York

   Re: *Narcisse v. Progressive Casualty Ins. Co., et al.*, No. 1:23-cv-4690-JGK

Dear Judge Koeltl:

  In accordance with Section II.B of the Court's Individual Practices, Defendants Progressive Casualty Insurance Company ("Progressive Casualty") and Progressive Max Insurance Company ("Progressive Max") (together, "Defendants") submit this pre-motion letter setting forth the grounds for Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), and to request a pre-motion conference.[1]

  This is an action regarding the settlement of total-loss automobile insurance claims. Plaintiff Narcisse alleges that Progressive Max, through its third-party vendor Mitchell International Inc. ("Mitchell"), undervalued her total-loss vehicle by applying a purportedly improper adjustment called a "Projected Sold Adjustment" ("PSA") to the advertised prices of comparable vehicles used to value her insurance claim. Plaintiff alleges that applying the PSA breached her Progressive Max insurance policy ("Policy") and violated New York General Business Law § 349(a) ("GBL § 349"). Plaintiff seeks damages, a declaratory judgment that application of the PSA constitutes a breach of Progressive Max's policies, and an order enjoining Progressive Max from applying PSAs in settling total-loss claims. Plaintiff fails to state a claim for relief and her Complaint should be dismissed.

  **I.**  **Background**

  Plaintiff's Complaint in this action was filed in direct response to the court's class certification order in a related case, *Volino v. Progressive Casualty Ins. Co.*, 1:21-cv-06243-LGS. *See* Dkt. 2 (listing *Volino* as related to this action). In that matter, the court certified classes of New York insureds and claimants who received compensation for total-loss settlements from the defendant-insurers, where that compensation was based on certain valuation reports created for the defendants by Mitchell ("Mitchell Reports"). *See Volino v. Progressive Cas. Ins. Co.*, No. 21 CIV. 6243 (LGS), 2023 WL 2532836, at *1 (S.D.N.Y. Mar. 16, 2023). In opposition to class certification, the *Volino* defendants raised Article III standing arguments regarding any claimants

---

[1] On August 14, 2023, Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 14. Pursuant to Section II.B of this Court's Individual Practices, Defendants submit this pre-motion letter, and are prepared to withdraw the Motion to Dismiss or hold it in abeyance according to the Court's preference.

and insureds whose settlement proceeds were owed and paid out to third parties, such as lienholders, leasing companies, or rental companies. *See id.* at *10. Noting that a "class must . . . be defined in such a way that anyone within it would have standing," *id.* (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)), the *Volino* court concluded that, because "the classes are defined to include only insureds who 'received compensation for the total loss of a covered vehicle,'" insureds and claimants whose settlement proceeds went to third parties did "not create an Article III standing problem for the class" because they were not class members. *Id.* After the classes were certified, the *Volino* plaintiffs attempted to re-define the classes to include not only those insureds and claimants who received compensation from the insurer-defendants for their total-losses, but all New York claimants and insureds who had total-loss claims settled using Mitchell Reports—regardless of whether those insureds and claimants actually received or were entitled to any portion of the settlement proceeds. *See Volino v. Progressive Cas. Ins. Co.*, No. 21 CIV. 6243 (LGS), ECF No. 218. The *Volino* defendants opposed the request, *see id.* ECF No. 224, and the court denied it on April 27, 2023, *see* ECF No. 226.

Plaintiff's counsel (who also represent the plaintiffs in *Volino*) subsequently filed this action on behalf of claimants and insureds, like Plaintiff Narcisse, who were underwater on their vehicle loans and whose entire total-loss settlements went to their lienholders. Specifically, the Complaint states: "This putative class action is brought on benefit [sic] of all claimants in New York who owed more on their financing than they received in insurance benefits so that all compensation for the claimants' benefits passed through directly to the totaled vehicle's lienholder." Compl. ¶ 1, n.1.

## II.  Plaintiff Lacks Article III Standing to Assert Any of Her Claims.

Plaintiff lacks Article III standing to assert her breach of contract and GBL§ 349 claims because she did not receive any payment from Defendants, and thus was not injured as a result of Progressive Max's alleged undervaluation. To establish Article III standing, a plaintiff must show "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 600 (2d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000)). A plaintiff has the burden of establishing that she has standing to pursue her claims. *See Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012).

Plaintiff cannot satisfy this standard. Plaintiff's Complaint establishes that she was not entitled to and did not receive any portion of the compensation for her total loss claim. And she fails to allege that she would be entitled to receive compensation even were the putative classes successful in this litigation. Plaintiff accordingly has failed to identify any actual, concrete injury that she has suffered that is traceable to Defendants' alleged conduct. The only party who even theoretically could have been "injured" by Progressive Max's alleged undervaluation—and who might benefit from a favorable decision—is the party who was entitled to, and received, payment for the vehicle that was allegedly undervalued: Plaintiff's lienholder. *See Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1616–22 (2020) (holding plaintiffs lacked Article III standing where the amount of money they received from defendants would not have changed if they won the suit). Plaintiff has thus not suffered any injury redressable by this Court.

Plaintiff also lacks standing to assert a claim for declaratory judgment because she has not alleged any likelihood of future injury. To seek a declaratory judgment or an injunction, a "plaintiff must show, *inter alia*, 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Marcavage*, 689 F.3d at 103 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). "That is, a plaintiff must demonstrate a certainly impending future injury." *Id.* Plaintiff has not alleged any injury—past or future. She has not alleged that it is likely that she will again be in a car accident that results in a total loss and file a claim with Progressive Max that will be adjusted using a Mitchell Report that includes a PSA. Indeed, her Complaint does not even allege that she remains a Progressive Max insured.

### III.   Plaintiff's Complaint Fails to State a Breach of Contract or GBL § 349 Claim.

Because Plaintiff's Complaint makes clear that her lienholder received the entirety of Progressive Max's payment for her total-loss, she lacks both standing to assert a breach of contract claim and the requisite injury to support one. "Under New York law, the elements of a cause of action for breach of contract are (1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach." *Beautiful Jewellers Priv. Ltd. v. Tiffany & Co.*, 438 F. App'x 20, 21–22 (2d Cir. 2011).

Plaintiff has not alleged that she suffered any damages as the result of Progressive Max's alleged undervaluation of her total-loss vehicle. Plaintiff's Complaint is clear—she did not receive any portion of her total-loss settlement. The entire payment was owed and paid to her lienholder. Plaintiff's Complaint contains only the conclusory allegation that her damages are "at least $526.55"—the amount of the average PSA applied in her Mitchell Report. *See* Compl. ¶ 97; Compl. Ex. 1 at 6–15. But there are no facts alleged in the Complaint from which a reasonable inference can be drawn that Plaintiff would have been entitled to any portion of that amount had her total-loss settlement been $526.55 higher.

Because she has not alleged any actual injury, Plaintiff also fails to state a claim under GBL § 349. To state a claim under GBL § 349, a plaintiff must allege *inter alia*, that she "suffered injury as a result of the allegedly deceptive act or practice." *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-CV-01058 KAM, 2012 WL 4482057, at *4 (E.D.N.Y. Sept. 26, 2012), *aff'd*, 519 F. App'x 77 (2d Cir. 2013). In support of her GBL § 349 claim, Plaintiff states: "Here, Defendants misrepresented the actual cash value of Plaintiff's totaled vehicle, paying . . . Plaintiff at least $526.55 less than the actual cash value to which she was entitled." Compl. ¶ 105. But the allegation that Progressive Max paid *Plaintiff* less than the value of the vehicle is undermined by the remainder of the allegations in the Complaint, which make clear that Plaintiff's lienholder received the payment from Progressive Max.

### IV.   Conclusion

For these reasons, Defendants request that the Court set a pre-motion conference on its Motion to Dismiss and set a briefing schedule on Defendants' Motion.

Respectfully submitted,

*/s/ Jeffrey S. Cashdan*
Jeffrey S. Cashdan

cc:  All Counsel of Record (via ECF)